## Margaret L. Moorehouse *v.* George H. Moorehouse, Appellant.

*Married woman—Contract for support—Cause of action.*

A contract between husband and wife whereby the former agrees to pay the latter a certain monthly sum for maintenance after he had deserted her, vests in the wife a separate property right for which she is entitled by the act of 1893 to maintain an action against him.

*Estoppel does not extend beyond point litigated.*

A question once litigated and determined between parties cannot be opened in another action for the same cause between the same parties, but the estoppel does not extend beyond the point actually litigated and determined.

A judgment entered by a justice for the defendant on the sole ground that the existence of a written agreement was a necessary condition to the recovery of certain arrears alleged to be due on a contract, does not work an estoppel on an appeal from the same justice giving judgment for the plaintiff for other monthly arrears accruing under the same alleged contract but for other periods of time, prior to those claimed in the second judgment.

Argued March 11, 1898.   Appeal, No. 46, March T., 1898, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1894, No. 676, on verdict for plaintiff.   Before RICE, P. J., WICK-HAM, BEAVER, REEDER, SMITH and PORTER, JJ. Affirmed.

Appeal from alderman.   Before SIMONTON, P. J.

The facts sufficiently appear in the opinion of the court below:

The plaintiff brought this action against her husband claiming to recover a balance alleged to be due from him to her by virtue of a promise made by him to pay her a certain monthly allowance for her maintenance after he had deserted her.   The verdict in favor of the plaintiff was taken subject to two reserved points:

1. Whether the plaintiff, being the wife of defendant, can, under the act of 1893 and any other acts applicable to the case, maintain this action against the defendant, her husband.

2. Whether the fact that an action was heretofore brought by the plaintiff against defendant, before an alderman, for an alleged balance due on the same agreement, for a time subse-

quent to that in which the balance sued for in this action accrued, wherein a judgment was rendered by the alderman in favor of the defendant, for the reason, as appears by the transcript from his docket and his oral testimony, that no agreement in writing could be found in which defendant had agreed to pay plaintiff any amount, was a bar to this action.

We do not think it necessary to determine whether the Act of June 11, 1879, P. L. 126, under which it is practically conceded that this action could have been maintained, was repealed by the Act of June 8, 1893, P. L. 344, or not.  The latter act authorizes a married woman to sue her husband " in a proceeding to protect or recover her separate property, whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her."

The nature of the legal separate estate which a wife has in property owned by her when married or acquired afterwards in her own right, is defined in MacConnell v. Lindsay, 131 Pa. 476, where it is said, in the opinion of the court, at page 487 :

" Prior to the passage of the Act of April 11, 1848, P. L. 536, a married woman could have no separate estate of her own at law ; such an estate existed only in equity. . . . But under the act of 1848 she was invested with a separate estate at law ; all the property of a single woman continued to be her property, as fully after the marriage as before, and all accruing to her during coverture was owned, used, and enjoyed by her as her own separate property. . . . Thus it will be seen that whilst the effect of the act of 1848, was to deprive the husband of certain common law rights, which accrued to him by marriage, in his wife's property, the act of 1887 was intended to perfect the wife's means and facilities for enjoyment of the property, the title to which by the act of 1848 was secured to her from her husband and his creditors."

These acts took away the right, which at common law the husband had, to reduce the wife's property into possession and make it his own ; and all such property, in distinction to that which is held on a separate use trust for her benefit, is her separate estate within the meaning of the acts of 1848, 1887 and 1893.  Under these acts whatever belongs to the wife in her own right is her separate property.  And by the express terms of the act of 1893, this includes " property of any kind, real,

personal or mixed, and either in possession or expectancy." We do not see how it can be doubted that the right, which, as the jury have found, the wife in this case has under the contract with her husband, is a property right; and if so, it must be her separate property, for from the nature of the case, it being a claim against her husband, he can have no interest in it, and she is therefore its sole owner. And if it is her separate estate, she is entitled by the act of 1893, to maintain an action against him to vindicate her right to it.

The decision of Judge HEMPHILL in Houston v. Houston, 4 Dist. Rep: 248, rests entirely on the ground that the act of June 11, 1879, was repealed by the act of June 8, 1893; and the question whether the claim made in that case was the separate property of the wife, plaintiff, does not seem to have been suggested or considered. Nor does it seem to have been questioned whether the wife was practically suing, not in her own right, but as trustee for the children of herself and the husband. What effect this consideration might have had on the decision we need not discuss. In any event, our decision here does not in any degree antagonize the point decided by Judge HEMPHILL.

It is contended by the counsel for defendant that judgment should be entered in his favor on the second question reserved, on the ground that the judgment rendered by the alderman on April 5, 1895, is conclusive against the plaintiff. It appears from the alderman's transcript and from his testimony on the stand, that this judgment was rendered in an action brought on the same contract as that in question in this case, to recover a balance alleged to be due the plaintiff on monthly instalments accruing after this action was brought.

It cannot be doubted that a question once litigated and determined between parties cannot be opened in another action for the same cause between the same parties. But the estoppel does not extend beyond the point actually litigated and determined. Thus it was said, in Cromwell v. County of Sac, 94 U. S. 351: "Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon

one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

In this case, which was an action against a county in Iowa upon certain interest coupons originally attached to bonds, issued by the county for the erection of a courthouse, it appeared that in the prior action by the same plaintiff against the county, it had been determined that the bonds were void as against the county in the hands of parties who did not acquire them before maturity for value; and, as the plaintiff had not proved that he had given that value, it was adjudged that he was not entitled to recover; yet this judgment did not estop the plaintiff, holding other bonds of the same series, and other coupons attached to the same bonds as the coupons in the original action, from showing, in a second action against the county, that he acquired such other bonds and coupons for value before maturity.

This case is distinguished, and the principle upon which it was decided is explained by way of contrast in Bissell v. Spring Valley Township, 124 U. S. 225, where it was held that a final judgment for defendant, in an action against a municipal corporation to recover on coupons attached to bonds purporting to have been issued by the corporation, entered on demurrer to an answer setting up facts showing that the bonds were never executed by the municipality, prevented the plaintiff, in a subsequent action against the municipality, from recovering on other coupons cut from the same bonds. The court said: "The inquiry must always be as to the point or question actually litigated and determined in the original action, for only upon such matters is the judgment conclusive in another action between the parties upon a different demand." And the distinction between the Cromwell and the Bissell cases was stated to be, that in the former the question whether the plaintiff gave value for certain coupons before their maturity was not litigated in the first action, and the plaintiff was therefore not concluded in the second action, while in the Bissell case the adjudication in the first action was, that the bonds themselves had never been signed by the proper officers who were required by the statute

of the state to sign them, and therefore they were not legal obligations of the township, and hence their invalidity attached not only to the coupons sued upon in the first action, but to all the coupons belonging to them, and hence the first decision was conclusive in the second case.

Applying these principles to the case before us, we think the plaintiff is not estopped by the action brought before the alderman and the judgment rendered by him. As is shown by his transcript and by his oral testimony, the sole ground of his judgment was that, conceiving that the existence of a written agreement or contract was a necessary condition to sustain her action, he inquired of the counsel for such a contract, and not being able to find it, he rendered judgment in favor of the defendant for that reason alone, without considering or determining the question whether a parol contract had been made or whether any balance was due under such parol contract. See also opinion of Judge ALBRIGHT in Kennedy v. Luhman, 6 Dist. Rep. 509, and cases there cited.

We therefore conclude that the motion for judgment non obstante veredicto must be overruled, and direct judgment to be entered in favor of plaintiff on payment of the jury fee.

Exception noted for defendant.

*Error assigned* was refusing to enter judgment in favor of the defendant non obstante veredicto.

*Edwin W. Jackson*, for appellant.—The plaintiff being a married woman had no right of action against her husband. The Act of June 8, 1893, P. L. 344, repeals the Act of June 11, 1879, P. L. 126, under which such an action probably could have been maintained: Houston v. Houston, 4 Dist. Rep. 248.

The judgment rendered against the plaintiff by the alderman on April 5, 1895, is an adjudication of the contract set up by the plaintiff and conclusive against her right to recover in the present action: Danziger v. Williams, 91 Pa. 234; Lumber Co. v. Buchtel, 101 U. S. 638; Bissell v. Spring Valley Twp., 124 U. S. 225.

A prior judgment upon the same cause of action between the same parties, though rendered in a later suit, sustains the plea of a former recovery, and is conclusive: Duffy v. Lytle,

5 Watts, 120; Orr v. Ins. Co., 114 Pa. 387; Myers v. Coal Co., 126 Pa. 582, 600.

*Robert Snodgrass*, for appellee.

OPINION BY BEAVER, J., May 9, 1898:

Judgment was properly entered in the court below upon both of the points reserved at the trial. It is not necessary to recapitulate or to endeavor to reinforce the reasons therefor which have been so clearly and convincingly stated by the trial judge in the opinion and decree overruling the motion for judgment non obstante veredicto. If, in pursuance of the alleged agreement between the parties at the time of their separation as husband and wife, the husband had given the wife separate notes for the several instalments falling due under the said agreement, they could not have been hers more fully than were the instalments as they fell due under the agreement, as found by the jury. The wife was, therefore, entitled to maintain her action under the provisions of the act of 1893, and the question as to the repeal of the act of 1879 was not a practical one and was wholly unimportant.

As to the second point reserved, "That, if it be found that the record of the justice given in evidence and taken in connection with the justice's testimony is binding upon the plaintiff, then judgment to be entered for the defendant, if there be a verdict for the plaintiff, with leave to the court to enter judgment on the verdict for the plaintiff, if the court decide that that is not binding," a comparison of dates will tend to clearness of apprehension as to the real question involved.

In October, 1893, the plaintiff brought the present suit against the defendant before an alderman, claiming a balance due her under the alleged agreement for maintenance. Judgment was rendered by the alderman in favor of the plaintiff and the defendant took an appeal which was entered in the common pleas January 3, 1894. On the 16th of March, 1895, the appeal from the prior judgment being still pending, the plaintiff brought suit against the defendant before the same alderman "to recover additional moneys claimed to be then due to her on the same agreement." In this action the alderman rendered judgment for the defendant, from which no appeal was taken. If it were

not so stated by the appellant, the presumption would be that the second suit was brought for a different cause of action than that upon which the first suit was founded.   The defendant, however, attempts to rebut this presumption by introducing in evidence the docket of the alderman, together with his oral testimony, to show that the judgment of the alderman was based upon a finding that the plaintiff was not entitled to recover under the alleged agreement on the merits of the case, but the testimony so introduced answers itself, for the docket of the alderman shows not that he had rendered judgment upon the right of the plaintiff to recover under the agreement but " from the fact that no agreement can be found in which defendant has agreed to pay plaintiff any amount," which was explained and emphasized by his oral testimony, in which it appeared that the plaintiff had claimed the existence of a written contract which was in the hands of her attorney but which, upon inquiry, he failed to find.   How this testimony could in any way tend to invalidate the claim of the plaintiff made in the former suit or could defeat her right to recover in the trial of the appeal from the judgment rendered in that suit we are at a loss to discover.

It is not necessary to refer to the authorities cited by the court below.

The judgment is well founded in reason and upon authority and is, therefore, affirmed.