199    269
32 SC   355

## Kaiser's Estate.

*Husband and wife—Deed of separation—Dower—Acknowledgment—Act of February* 24, 1770, 1 *Sm. L.* 307.

A deed of separation between husband and wife freely made by the wife for a good consideration, and upon terms advantageous to her, and carried into effect in good faith by the parties, will bar the wife's right of dower in her husband's real estate, although the deed was not acknowledged by her separate and apart from her husband, as required by the Act of February 24, 1770, 1 Sm. L. 307.

Argued March 18, 1901. Appeal, No. 303, Jan. T., 1901, by Katie Doorly et al., legatees under the will of George J. Kaiser, from judgment of Superior Court, No. 22, Feb. T., 1900, reversing decree of O. C. Lycoming Co., March T., 1899, No. 24, refusing a writ of partition in the estate of George J. Kaiser, deceased. Before McCOLLUM, C. J., MITCHELL, FELL, MESTREZAT and POTTER, JJ. Reversed.

Petition for partition.
The facts are fully stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*J. F. Strieby,* for appellants.—The courts of this state have sustained agreements of separation between husband and wife

which contemplate an immediate and not a future or contingent separation, and which are reasonable in their terms and actually carried into effect by both parties in good faith, without regard to the mode of their execution: Walsh v. Kelly, 34 Pa. 84; Scott's Est., 147 Pa. 102; Hutton v. Hutton, 3 Pa. 100; Dillinger's App., 35 Pa. 362; Hitner's App., 54 Pa. 114; Com. v. Richard, 131 Pa. 209.

Counsel for the appellee, and the Superior Court, maintain that deeds of separation between husband and wife, affecting real estate, can only be sustained when executed in conformity with the requirements of the act of 1770. But the cases passed upon by this court do not sustain this contention: Scott's Est., 147 Pa. 102; Fulton v. Moore, 25 Pa. 468; Welsh v. Oates, 9 Phila. 158.

*Seth T. McCormick*, with him *W. W. Champion* and *Henry C. McCormick*, for appellees.—A married woman cannot by the mere signing of an agreement of separation, without a separate acknowledgment, release her dower interest in her husband's lands: Act of February 24, 1770, 1 Sm. Laws, 307; Kirk v. Dean, 2 Binney, 341; Thompson v. Morrow, 5 S. & R. 289; Graham v. Long, 65 Pa. 383; Enterprise Transit Co. v. Sheedy, 103 Pa. 492; Glidden v. Strupler, 52 Pa. 400; Pettit v. Fretz, 33 Pa. 118; Richards v. McClelland, 29 Pa. 385.

OPINION BY MR. JUSTICE MESTREZAT, May 13, 1901:

George J. Kaiser and his wife, Catherine, by a contract dated August 15, 1893, agreed to separate and thereafter " to live apart as though they had never been married." This contract was signed, sealed and acknowledged by the parties before an alderman. There was, however, no separate acknowledgment by the wife as required by the Act of February 24, 1770, 1 Sm. L. 307, Purd. 632, pl. 22, when she conveys her interest in real estate. By this agreement, Kaiser covenanted to pay his wife $500 and to give her all her personal property in their residence, and released his interest in all the personal property and real estate of which she was then, or thereafter should become, possessed. As a consideration therefor Mrs. Kaiser agreed to leave her husband's residence at once and to forever remain away, "and, further, that she hereby releases and by these presents

has released all rights that she may have become possessed of by the aforementioned marriage, in any property, money or other valuable thing, either real or personal, that he may be possessed of at this time, or that he may become possessed of in the future, the same as though the aforementioned marriage had never taken place." Kaiser paid his wife the $500 and she took possession of her own personal property. She left his residence at once and thereafter they remained apart. On January 5, 1899, he died, leaving a will, dated April 17, 1885, in which he disposed of all his property. Mrs. Kaiser alleging that she was entitled to dower in his real estate, presented her petition to the court below on May 2, 1899, and prayed the court to award an inquest to make partition of the lands of which her husband died seized. The right of the widow to partition was resisted by the devisees under the will of the testator and by his executor on the ground that her right of dower in her husband's real estate was barred by the deed of separation. The learned judge of the orphans' court so held and entered a decree refusing to award an inquest. This decree was reversed by the Superior Court, and from its decree this appeal was taken.

The only question for consideration here is whether a deed of separation under the facts of this case, will bar the widow's right of dower in the absence of a certificate of an acknowledgment made by her in accordance with the act of 1770. The Superior Court held that it would not have that effect. It is maintained in support of this position that the reasons requiring a married woman's compliance with the act of 1770 to make a valid conveyance of her real estate apply with equal force when she and her husband execute an agreement of separation.

It is well settled by numerous decisions in this state that a contract of this character is binding on both parties. To give it validity, however, as against the wife it must contemplate an actual and immediate separation, must be based upon a good consideration and be reasonable in its terms, and must in good faith be carried into effect by the parties. Such deeds of separation are effective both at law and in equity and will be enforced according to their terms. This is unquestionably the law of the state as established by the decisions of this court. The reason of the rule is apparent from these decisions. In none of the adjudicated cases is the validity of the deed made

to depend upon the separate acknowledgment of the wife. In Walsh v. Kelley, 34 Pa. 84, the necessity for the wife's separate acknowledgment when she disposes of real estate is referred to, but there were other controlling reasons in that case for the court refusing to enforce the agreement. Such deeds are obligatory upon the husband and their provisions are enforceable against him and his estate. As has been said, mutuality is the essence of equity. The reason, therefore, for the enforcement of the contract against the wife is that it would be manifest injustice and violative of every principle of equity, to permit her to disregard and annul the agreement freely made by her for a good consideration and upon terms advantageous to her. She cannot retain the benefits of the transaction and repudiate her covenants given as a consideration for them. Equity turns her away from its door and refuses its assistance in obtaining for her the fruits of a violated agreement. This is the effect of her deed, regardless of the acknowledgment. It is not the form or character of the acknowledgment of the contract, but the solemn covenants which she assumes in sealing the instrument and accepting its benefits that give it life and prevent her from repudiating it. Against the provisions of such a contract, she cannot invoke the aid of the statute of 1770 to enable her to perpetrate a fraud on the other party to the agreement. Equity and good conscience forbid it.

Mrs. Kaiser has no legal or equitable grounds on which she is entitled to dower in her husband's real estate. We must assume that she was quite as willing and anxious for the separation as her husband. After a shortly wedded life, unhappy differences arose between them and she and her husband concluded, for various reasons, "to live separate and apart the same as though we never had been married." There is no allegation of bad faith or coercion of the wife by the husband in procuring the deed of separation. Nor is it alleged that the agreement was unreasonable in its terms or was not advantageous to the wife. It is not denied that it was carried into effect by both parties in good faith, and that there was an actual and immediate separation of the parties which continued during the remainder of the life of Mr. Kaiser. These facts bring the case within our decisions sustaining the validity of such agreements and require us to enforce Mrs. Kaiser's covenants against her.

It follows that the learned judge of the orphans' court was right in refusing to award an inquest for partition on the application of Mrs. Kaiser, and his decree should have been affirmed by the Superior Court.

The decree of the Superior Court is reversed at the costs of the appellee, and the decree of the orphans' court of Lycoming county is affirmed.