# Rodenbaugh v. Rodenbaugh.

*Husband and wife—Agreement of separation.*

A valid agreement may be made for separation between husband and wife and for an allowance for her support where the separation is inevitable and immediate, and such an agreement may be made directly between the husband and wife without the intervention of a trustee. The wife's right under such a contract may be enforced in her own name as her separate property right.

An agreement of separation by which the wife agrees in consideration of a payment of $20.00 per month, payable quarterly, to support her two minor children is a valid agreement based upon sufficient consideration, and cannot be defeated by the failure of the wife to comply with an alleged oral agreement to withhold testimony in a divorce suit which she had instituted against her husband.

Argued May 11, 1901. Appeal, No. 143, April T., 1901, by defendant, from order of C. P. No. 2, Allegheny Co., Jan. T., 1901, No. 185, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Mary Rodenbaugh v. John Rodenbaugh. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for moneys due under an agreement of separation.

From the record it appeared that the plaintiff and defendant who were husband and wife, on February 15, 1895, entered into the following agreement:

"Witnesseth: That the said party of the first part agrees to pay to the party of the second part twenty dollars ($20) per month, payable quarterly in advance, that is to say, sixty dollars ($60) on the date of this agreement and a like sum every three months hereafter for the support of the minor children of said parties hereto, and the said party of the second part hereby agrees to receive the said sum in full acquittance of all claims which she now has or may have either in her own right or as mother of the said minor children, to wit, Nettie Rodenbaugh and Lida Rodenbaugh, and by the foregoing is meant and it is so understood by the said parties to mean, that the said sum of twenty dollars per month, payable as before set forth, releases the said party of the first part from all manner

of liability either to support the said two children or the party of the second part."

The suit was brought to recover $350 alleged to be due under the agreement. The defendant demurred to the statement on the grounds (1) that the plaintiff could not bring a suit against him in her own name for the cause of action set forth in the statement of claim, and (2) that the agreement was void as being vague and uncertain as to the time of payment.

The defendant also filed an affidavit of defense in which he averred that the plaintiff had failed to comply with a parol agreement to withhold testimony in a divorce case which she had instituted against the defendant, and that his parol agreement was the sole consideration for the agreement of separation.

The court overruled the demurrer, and made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Rody P. Marshall*, with him *Thomas M. Rody*, for appellant. —The plaintiff being the wife of the defendant, could bring action against him only in such cases as are enumerated or set forth in the act of June 8, 1893 : Small v. Small, 129 Pa. 366 ; Houston v. Houston, 4 Pa. Dist. Rep. 248.

*John G. Silveus*, of *Silveus & Carter*, for appellee.—A wife may sue her husband when they have entered into a mutual agreement to live separate and apart, the husband to pay a stipulated sum for the support of the wife and minor children : Com. v. Richards, 131 Pa. 218 ; Dillinger's App., 35 Pa. 357 ; Hutton v. Hutton, 3 Pa. 100 ; Smith v. Knowles, 2 Gr. 413 ; Hitner's App., 54 Pa. 110 ; Garver v. Miller, 16 Ohio, 527 ; Randall v. Randall, 37 Mich. 563 ; Dutton v. Dutton, 30 Ind. 452 ; Miller v. Miller, 4 Pa. Dist. Rep. 309 ; Moorehouse v. Moorehouse, 19 Pa. C. C. Rep. 484.

The collateral agreement set up by the defendant is illegal, being based on an illegal consideration: Kilborn v. Field, 78 Pa. 194 ; Irvin v. Irvin, 169 Pa. 529.

Evidence to vary the written contract is inadmissible in the absence of fraud, accident or mistake: Martin v. Berens, 67 Pa. 459 ; Keener v. Bank of U. S., 2 Pa. 237 ; Jackson v. Payne, 114 Pa. 67.

OPINION BY ORLADY, J., July 25, 1901:

A complete answer to this appeal is found in Commonwealth v. Richards, 131 Pa. 209, where it is held, " that a valid agreement may be made for separation between a husband and wife, and for an allowance for her support, where the separation is inevitable and immediate, is now too well settled to admit of discussion or require a citation of authorities. The validity of such covenants, although exceptional in their status, has been established by repeated decisions of this court. Ordinarily these agreements, as in Dillinger's Appeal, 35 Pa. 357, have been carried into effect through the medium of a trustee; but the undoubted weight of authority is that there may be a valid agreement for the separation directly between husband and wife without the intervention of a trustee, which the courts will sanction. In such cases the husband will be treated as a trustee for the specific purpose in view, and will be held accordingly. If the object of the agreement is actual and immediate, if the terms are reasonable, and it is actually carried into effect by both parties in good faith, it will be as binding upon the wife as the husband." See also Scott's Estate, 147 Pa. 102.

The parties to this action were living separate and apart under the contract of February 15, 1895. Payments on account of the husband's obligation under that contract had been made by him from time to time, and he does not question the reasonableness of its stipulations, nor can he repudiate his own contract to support his wife and children for the reasons set out in his affidavit of defense. The amount and time of payment—$20.00 per month payable quarterly—was of his own making, and was as certain as to time as if a definite amount had been named in one payment. The written contract contains a sufficient consideration to sustain it, and the attempt to defeat it by the alleged parol agreement set out in the affidavit of defense is forbidden as unlawful and against public policy: Irvin v. Irvin, 169 Pa. 529. The plaintiff's rights under the contract can be enforced in her own name, as her separate property right. The demurrer was properly overruled and the affidavit does not set out any sufficient defense to prevent judgment being entered against the defendant.

The judgment is affirmed.