# Snyder *v.* Snyder, Appellant.

*Husband and wife—Agreement for support—Bond.*

1. An agreement between a husband and wife made at a time when they were living separate and apart, by which the husband covenants to pay a monthly sum for the support of his wife in consideration of her withdrawing desertion proceedings which she had commenced against him, is a good and valid agreement, not contrary to public policy, is based upon sufficient consideration, and is of such a character that the wife may bring a suit in her own name to enforce it.

2. In an action brought on the bond accompanying the agreement judgment may be entered for the wife in the full penal sum of the bond although execution will only be allowed to recover the installments as they become due.

*Affidavit of defense—Practice, C. P.—Failure to attach writing.*

3. An affidavit of defense which sets up a defense based upon a writing is insufficient if the writing is not attached to the affidavit.

Argued April 16, 1914.  Appeal, No. 70, April T., 1914, by defendants, from order of C. P. Allegheny Co., July T., 1913, No. 2,011, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Elizabeth G. Snyder v. Arthur B. Snyder and F. L. Graf.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The material portions of the affidavit of defense and statement of claim are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. A. Miller,* of *Miller, Vogan & Nesbitt,* for appellants.—The appellee, as a matter of law, is not en-

titled to maintain this cause of action: Curtis v. Curtis, 200 Pa. 255; Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619; Com. v. Hollinger, 16 Pa. Superior Ct. 199; Cunningham v. Cunningham, 48 Pa. Superior Ct. 442.

The allegations of fact are sufficient to constitute matter of set-off: Everson v. Fry, 72 Pa. 326.

*Samuel A. Schreiner,* with him *John L. Ralph,* for appellee.—The appellee is entitled to maintain this action: Moorehouse v. Moorehouse, 7 Pa. Superior Ct. 287; Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619.

In any event the surety, F. L. Graf, is liable to suit by the appellee and the judgment is good against him: Wiggins' App., 100 Pa. 155.

Appellee is entitled to judgment for the full amount of the bond: Duffy v. Lytle, 5 Watts, 120; Hopkins v. Deaves, 2 Browne, 93.

OPINION BY RICE, P. J., July 15, 1914:

The plaintiff and Arthur B. Snyder, one of the defendants, were husband and wife. The action was founded on an agreement between them and an accompanying bond given by him and the other defendant conditioned for its performance by Snyder. The agreement, after reciting that proceedings for nonsupport had been instituted by her against him before an alderman, then sets forth that, in settlement of the same and in consideration of the withdrawal by her of her information in said case, the defendant covenants and agrees that he will pay or cause to be paid to her $40.00 upon the signing of the agreement, and $40.00 monthly thereafter "so long as she shall remain his wife." It was alleged, in the statement of claim, that the parties were living separate and apart at the time the agreement was entered into, and this averment was not denied by the defendant. Nor did he unequivocally aver, in his answer,

that their separation, which admittedly had taken place in November, 1912, was ever actually ended by their resumption of marital relations before the institution of the prosecution for desertion, or between that and the execution of the agreement, or since, or that, since entering into the agreement, he had offered or proposed to end the separation, or that he desired to end it. The parties evidently contemplated a continuation of the separation, although it is true that was not the expressed consideration for the agreement. The question for decision is not whether the defendant could or could not set up this agreement as a bar to a subsequent prosecution for desertion, and, therefore, the case is not exactly ruled either by Com. v. Richards, 131 Pa. 209, or by Com. v. Hollinger, 16 Pa. Super. Ct. 199. Under the facts above noticed, taken in connection with the matters recited in the agreement, the questions are: first, whether the agreement was such as a husband and wife can lawfully make; second, whether it was supported by a good and valuable consideration; and, third, whether the wife can maintain an action in her own name for its breach. It seems too plain for argument, that the agreement is such as husband and wife can lawfully make. The reasoning by which the conclusion is reached that a valid agreement may be made between husband and wife for an actual and immediate separation and for an allowance for her support, is equally pertinent and conclusive in answer to the suggestion that the agreement is contrary to public policy and therefore void. The question of consideration is equally free from doubt. The defendant, by his agreement, having induced the withdrawal of the prosecution instituted against him, and thus having escaped the sentence that might possibly have been imposed for his wife's support in that proceeding, is not in position to repudiate his agreement upon the ground that it was not supported by a good and valuable consideration. The settlement of such proceedings in the desertion

court by such an agreement, if reasonable and fair, should be favored, rather than condemned as invalid. As to the right of the plaintiff to maintain the action, the cases of Moorehouse v. Moorehouse, 7 Pa. Super. Ct. 287, and Rodenbaugh v. Rodenbaugh, 17 Pa. Super. Ct. 619, are pertinent authorities. In the former case the plaintiff sued her husband to recover certain monthly allowances he had promised to pay her for her maintenance after he had deserted her. Judge SIMONTON, in an elaborate and learned opinion, held that the action could be maintained, and, on appeal to this court, the judgment was affirmed, Judge BEAVER saying: "If, in pursuance of the alleged agreement between the parties at the time of their separation as husband and wife, the husband had given the wife separate notes for the several installments falling due under the said agreement, they could not have been hers more fully than were the installments as they fell due under the agreement, as found by the jury. The wife was, therefore, entitled to maintain her action under the provisions of the act of 1893, and the question as to the repeal of the act of 1879 was not a practical one and was wholly unimportant." By the agreement sued on in the Rodenbaugh case, the husband obligated himself to pay to his wife a certain sum quarterly for the support of their minor children, and she agreed to receive it in full acquittance for all claims she then had or might thereafter have, either in her own right or as mother of the children. The case is similar to the case at bar, in that, while the instrument sued on did not contain an express agreement by the parties to live separate and apart, they did in fact so live under the agreement and the defendant made payments on account of his obligation from time to time. It was held that the written contract contained a sufficient consideration to support it; and as to the right of the wife to sue, Judge ORLADY said: "The plaintiff's rights under the contract can be enforced in her own name, as her

separate property right." We conclude, without further elaboration, that the plaintiff can maintain the action.

The defendant claims in his answer a set-off amounting to $2,000, the value of furniture belonging to him, which he claims the plaintiff got possession of through a written memorandum signed by her. This was some time before the agreement in suit was entered into, and it does not appear that any collateral undertaking was then entered into regarding the value of this furniture. But, without discussing any of the other objections made against this part of the answer, it is sufficient to say that it was defective because the writing is not set forth.

The averments of the answer as to the other item of set-off claimed by the defendant are concisely summarized and their insufficiency correctly and fully shown by the learned judge of the common pleas, as follows: "That prior to the execution of the agreement and bond, the defendant had conveyed a piece of real estate to his wife, and subsequent to the agreement and bond the property was sold, and the net proceeds of the sale equally divided between the plaintiff and defendant. The defendant does not allege that his wife received this said purchase money without his consent, or that it was to be applied or go in any manner to the discharge of his liability under his separation agreement and the accompanying surety bond."

It is undisputed that, at the time of suit brought, one installment of $40.00 due on May 1, 1913, was unpaid. It is claimed that this was all plaintiff was entitled to judgment for, and that it was error to enter judgment for the penal sum of the bond ($750) with interest. But, according to the doctrine of Underwood v. Lilly, 10 S. & R. 97, it was proper to enter judgment for the penal sum, but in entering up the judgment the court will take care to protect the party. It is important that this be done in the present case, because the plaintiff may cease to be the defendant's wife before the

accruing installments equal the entire penal sum of the bond.

The judgment entered for the penal sum on the bond, with interest, is modified by adding: execution to be issued by leave of the court as the installments become due. As thus modified, the judgment is affirmed.