Scott *v.* Scott, Appellant.

Argued October 16, 1928.

274

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Grover C. Ladner*, of *Ladner and Ladner*, for appellant.—The offer of reconciliation in good faith nullified the written agreement of support: Commonwealth v. Hollinger, 16 Pa. Superior Ct. 199; Snyder v. Snyder, 57 Pa. Superior Ct. 575; Rafferty v. Klein, 256 Pa. 481. The appellant's reduced income was admissible under the parol evidence rule: Miller v. Miller, 284 Pa. 414.

*Harold E. Borneman*, and with him *William A. Gray*, for appellee.—An agreement for support can be revoked only by mutual consent: Yetter v. Yetter, 45 Pa. Superior Ct. 332. The alleged reduction of defendant's income is not admissible in evidence: Gianni y. Russell & Co., Inc.; 281 Pa. 320; Wagner v. Marcus, 288 Pa. 579; Popper v. Rosen; 292 Pa. 122.

OPINION BY CUNNINGHAM, J., January 25, 1929:

The parties are husband and wife and have two young daughters. On January 19, 1924, they were living separate and apart from each other and on that date entered into a contract, in writing and under seal, by the terms of which the defendant agreed to pay his wife, the plaintiff, $100 weekly

"towards her support and maintenance" during such time as she should remain his wife and "towards the support and maintenance" of the children until they should attain the age of twenty-one years. He also agreed to pay such bills for dental and medical attendance as might be incurred on behalf of the children during their minority. The children were to remain in the custody of the wife, subject to the right of the husband to visit them each week. On December 16, 1927, the wife brought suit upon the contract in the Municipal Court of the County of Philadelphia for a balance alleged to be due her under its terms and the defendant filed an affidavit of defense. Plaintiff's rule for judgment for want of a sufficient affidavit was made absolute and we have this appeal by the defendant. It appeared from the uncontradicted averments of the statement of claim that the plaintiff was still the wife of the defendant; that they had continued to live separate and apart from each other; and that the defendant had complied with the terms of the agreement up to November 7, 1927. It is then averred that there was due and owing to the plaintiff on December 12, 1927, the sum of $500, on account of which amount the defendant had paid only $260, leaving a balance as of that date of $240, for which suit was brought. The affidavit of defense admitted that subsequent to November 7, 1927, the defendant had made only four weekly payments of $65 each. An alleged defense against payment of the balance sued for is then stated in the sixth and seventh paragraphs in this language:

"6. ....... That at the time said written agreement ....... was executed, the terms thereof were based upon the careful examination of the defendant's net income as it existed at that time. His affairs and financial statements were carefully gone over and considered by counsel for both plaintiff and defendant and an allowance of one hundred ($100)

dollars per week for the support of his wife and two children was agreed to be paid by defendant, based upon his then income of twelve thousand ($12,000) dollars per year, said allowance of one hundred ($100) dollars per week, plus physician's and dental bills, would approximate six thousand ($6,000) dollars per year, or one-half of defendant's income. That said figures were fully explained to the plaintiff, who, acting upon advice of counsel agreed to accept said proportion of defendant's income and it was further explained, understood and agreed that said allowance was based upon defendant's then-income, and that in the event of change, said allowance must proportionately change either in excess or less than said agreed amount. That said written contract was predicated upon these understandings and agreements, without which it would not have been executed.

"7. It is denied that defendant now owes the plaintiff the sum of two hundred and forty ($240) dollars or any other sum or sums whatsoever because he has paid her allowance at the rate of one-half of his net income, which said net income has been decreased by way of increase of taxes, increased cost of doing business, clerk hire, etc., so that the sum of sixty-five ($65) dollars per week or an annual sum of $3,380 which together with medical and dental bills approximates $4,000 per year, is equal to one-half of defendant's income."

Even if it be assumed that defendant may set up against his apparently complete written contract, containing his unconditional promise to pay a fixed sum per week, this alleged parol agreement—that the weekly payments were to be $100 only so long as his income was $12,000 per annum and were to fluctuate from time to time as his income increased or diminished—as the verbal "understanding," upon which the written contract was predicated, we are of opinion that the facts upon which he endeavors to base this

defense are not sufficiently pleaded. The averments are entirely too general, vague and indefinite to meet the requirements of the Practice Act of May 14, 1915, P. L. 483. It is averred that defendant's "net income" has been decreased because of an increase in "taxes," "clerk hire" and "cost of doing business." There is no designation of the kind of taxes or of the amount of the increase therein as compared with the date of the agreement; nor is there any specification of the amount of the increase in clerk hire or indication of the items intended to be included in the phrase "cost of doing business" or of the increases in these items. The averment that payments of $65 per week, "together with medical and dental bills," will approximate $4,000 per year is not supported by any statement of the amount of the medical and dental bills during the years the agreement was fully complied with. All these matters are peculiarly within the knowledge of defendant and could be pleaded by him with a reasonable degree of particularity. But we think that, under the authority of Gianni v. Russell and Co., Inc., 281 Pa. 320, such averments, when properly pleaded, would not indicate a valid defense. The alleged parol understanding relates directly to the subject matter of the contract and if any such agreement was made the parties would naturally and normally have included it in the written contract. The amount to be paid weekly by the defendant is the principal matter mentioned, covered and dealt with in the contract. In the language of our Supreme Court in the case cited, "nothing can be imagined more pertinent to [the] provisions which were included than the one [defendant now] avers." There is no averment that anything was omitted from the written contract by fraud, accident or mistake. As it "embraces the field of the alleged oral contract" and is complete in itself, evidence to support these averments

of the affidavit would be inadmissible under the parol evidence rule.

By the eighth paragraph of the affidavit the defendant undertakes to set up a defense against any liability upon his part under the contract. It is to the effect that during the month of May, 1924, he "sought to effect a reconciliation with [plaintiff], requesting her to resume the marriage relationship with him at his then home, ...... which said residence was then and there fit, decent and respectable," but the offer was then and there declined by the plaintiff. In our opinion, this defendant, having made the payments provided for in the contract for three and one-half years following the refusal of his alleged offer of reconciliation, and at the rate of $65 per week for an additional period, is not in a position to urge successfully the proposition that this contract was terminated in May, 1924, by the offer pleaded in his affidavit. Ordinarily a contract of this kind can be abrogated only by mutual consent or by such change in the relationship of the parties as may be provided for therein. We do not regard the technical distinction which counsel for appellant seeks to draw between formal agreements of separation and agreements for separate maintenance as of any importance in this case. The only difference between the present case and that of Snyder v. Snyder, 57 Pa. Superior Ct. 575, is that in the Snyder case proceedings for non-support had been instituted by the wife before an alderman and the suit was upon an agreement, accompanied by a bond, executed in settlement of the case, and there was no offer of reconciliation. In that agreement the defendant promised to pay his wife a specified amount monthly so long as she should remain his wife. Referring to the matter of separation, President Judge RICE said: "The parties evidently contemplated a continuation of the separation, although it is true that was not the ex-

pressed consideration for the agreement," and this language is applicable to the present case. In the Snyder case, Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619, was referred to as a similar case "in that, while the instrument sued on did not contain an express agreement by the parties to live separate and apart, they did in fact so live under the agreement and the defendant made payments on account of his obligation from time to time." It was held in these cases that the reasoning by which the conclusion is reached that a valid agreement may be made between husband and wife for an actual and immediate separation and for an allowance for her support is equally pertinent and conclusive in answer to the suggestion that agreements such as were sued upon in the Rodenbaugh and Snyder cases are contrary to public policy and therefore void. The question here is not whether this is such an agreement as, if fully performed by the husband, might affect the right of the wife to prosecute proceedings for non-support, but whether it is a valid contract upon which the present action of assumpsit will lie, and of this we entertain no doubt.

Another contention made at the oral argument and in the printed brief of counsel for appellant is absence of consideration. It would be sufficient to say that this question does not seem to have been raised in the court below and is not included in the statement of questions involved upon this appeal. There is, however, no merit in the suggestion. In addition to the fact that the contract is under seal, thereby importing a consideration, there was the obligation of defendant to support his wife and children and the express agreement upon the part of the wife that, if the husband would make the payments provided for in the contract, he should not be "held responsible for any other bills [thereafter] incurred" by her; in other words, plaintiff's undertaking was that she would assume the en-

tire support of herself and the children if the defendant would make the specified weekly contributions "towards" her and their support and maintenance. The court below was, in our opinion, entirely justified in holding the affidavit of defense insufficient.

The judgment is affirmed.