Zlotziver *v.* Zlotziver, Appellant.

Argued October 7, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

reargument refused December 13, 1946.

*Robert A. Jarvis* and *J. I. Simon,* with them *Beck, McGinnis & Jarvis,* for appellant.

*Harry Alan Sherman,* with him *C. Joseph Recht,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 25, 1946:

A wife succeeded in the court below in obtaining the enforcement of a separation agreement which she had entered into with her husband. The husband appeals.

The parties, Fannie Zlotziver, plaintiff, and Herman Zlotziver, defendant, were married twenty-five years ago; they have two children, a daughter 24 years of age and a son aged 19. They own three pieces of real estate as tenants by the entireties—a two story brick dwelling at 2014 Duquesne Avenue, a one story brick building at 443 Pacific Avenue, and a two story frame dwelling house at 439 Pacific Avenue, all in the City of McKeesport. Defendant conducted for several years a grocery and meat business in the 443 Pacific Avenue property. Husband and wife lived together in the Duquesne Avenue dwelling, but in 1944 disagreements arose between them, caused chiefly by the alleged philandering of defendant with a young woman employed in the business. In May of that year the parties separated; discussions ensued for a period of several months and in August a meeting was had in the office of plaintiff's lawyer and an oral agreement entered into for what was intended to be a "complete" separation. The terms of this agreement were that defendant should transfer to plaintiff the business and a truck used in connection therewith and convey to her his interest in their real estate, in consideration of which plaintiff agreed to assume the mortgages and accrued taxes on the properties amounting to about $5,200, to liquidate all the then existing indebtedness of the business amounting to about $3,500,

and to pay to defendant in cash the sum of $1,500; plaintiff also waived all claim to support for herself and the children and, in general, all rights arising out of the marriage. While it was apparently understood that she intended to institute divorce proceedings there was no agreement to that effect. Defendant signed a deed in blank and also a certificate of title to the truck and deposited these documents with the lawyer in order that the latter might insert in the deed a description of the properties and fill out the blanks in the title certificate; the lawyer was also instructed to prepare a bill of sale for the transfer of the business. At the same time plaintiff paid defendant $1,000 on account of the $1,500. About two months later she started divorce proceedings which are still pending.

In October the parties made an attempt at reconciliation. Plaintiff told defendant she would give him a "trial" if he would come back and "stay good"; he came back but did not "stay good"; on the contrary, he allegedly continued his attentions to the woman employe with the result that the period of restored harmony lasted only for a couple of weeks, since which time the parties have not had conjugal relations. Plaintiff offered to pay defendant the remaining $500 due in cash, but he refused to accept it. She has been managing the business, has paid off the indebtedness, and has made reduction payments on account of the mortgages and taxes on the real estate.

Plaintiff brought the present bill in equity against defendant praying that he be enjoined from interfering with the conduct of the business and that he be ordered to complete the conveyance of the real estate and the transfer of the business and the truck. The court found in plaintiff's favor and entered a decree granting the prayers of the bill.

The record is unsatisfactory. The testimony was presented in a disjointed and desultory manner and is

replete with irrelevant and inconsequential matters. However, we cannot say that it does not justify the findings made by the court, all of which support plaintiff's version of the facts.

Defendant's present counsel [1] urge five reasons why relief for plaintiff should be denied:—(1) because part of the agreement was for the conveyance of real estate but was not in writing and is therefore unenforceable; (2) because the reconciliation between the parties, even though abortive, constituted an abandonment of the agreement; (3) because the agreement contemplated the procuring of a divorce and is therefore illegal; (4) because the agreement is not one for which equity will grant specific performance; and (5) because a wife cannot sue her husband except in a proceeding to protect and recover her separate property.

As to the first of these defenses, it is, of course, true that an oral agreement for the conveyance of land will not be enforced unless followed by change of possession and the making of such permanent improvements on the property as cannot be adequately compensated in damages: *Glass v. Tremellen,* 294 Pa. 436, 144 A. 413; *Brotman v. Brotman,* 353 Pa. 570, 46 A. 2d 175; *Estate of Lena Hartzell,* 114 Pa. Superior Ct. 190, 173 A. 842. The statute of frauds, however, does not absolutely invalidate an oral contract relating to land but is intended merely to guard against perjury on the part of one claiming under the alleged agreement. Accordingly, if the title holder admits, either in his pleadings or his testimony, that he did in fact enter into the contract, the purpose of the statute of frauds is served and the oral agreement will be enforced by the court: *Sferro v. Urling,* 328 Pa. 161, 167, 168, 195 A. 422, 425, 426; *Williams v. Moodhard,* 341 Pa. 273, 280, 281, 19 A. 2d 101, 104, 105; *Shaffer v. Shaffer,* 344 Pa. 158, 161, 23 A. 2d

---

[1] Defendant's present counsel entered the case only after the entry of the decree nisi.

883, 885. Here defendant, in his testimony, admitted the making of the agreement as claimed by plaintiff. While he, as well as plaintiff's lawyer, professed to regard it as "tentative" in the sense that they thought there might be a chance for future reconciliation, there were no statements made by either of the parties which would justify such a viewpoint.

As to the second of the suggested defenses, although it is always competent for a party to a contract to establish that it was subsequently abandoned, as shown by actions of the parties inconsistent with its continued existence (*Weldon & Kelly Co. v. Pavia Co.,* 354 Pa. 75, 79, 46 A. 2d 466, 468), and although an agreement of separation, therefore, may be annulled by a reconciliation and a resumption by the husband and wife of the marital relation, this in every case is a question of intention, and whether or not the parties by such a reconciliation really intended to abrogate the separation agreement is to be determined from their statements, their conduct, and all the surrounding circumstances: *Ray's Estate,* 304 Pa. 421, 427, 428, 156 A. 64, 66; *Henkel's Estate,* 59 Pa. Superior Ct. 633, 636-638. According to plaintiff's version she accepted defendant's return to the household only for a trial period and on condition of his subsequent good behavior; in other words, the reconciliation was merely a provisional one. Under such circumstances, and in view of the fact that the condition imposed was not met by defendant and the parties promptly separated again, it would seem clear that, while the agreement may have been regarded as temporarily suspended, it was not rescinded or finally abandoned: cf. *Alleman v. Alleman,* 2 Dauphin County Rep. 209.

As to the third defense, a contract is illegal if it has for its object the procurement of a divorce, as where the husband or the wife agrees to institute, or not to defend, a suit for that purpose: *Mathiot's Estate,* 243

Pa. 375, 90 A. 139; *Shannon's Estate,* 289 Pa. 280, 137 A. 251. But here there was no such contract. An agreement as to alimony or an adjustment of property rights between a husband and wife is perfectly proper and valid even though made in contemplation of divorce: *Miller v. Miller,* 284 Pa. 414, 418, 419, 131 A. 236, 238; *American National Bank of Camden v. Kirk,* 317 Pa. 551, 177 A. 801; *Forbes v. Forbes,* 159 Pa. Superior Ct. 243, 246, 48 A. 2d 153, 155. If plaintiff's charges in regard to defendant's marital derelictions are justified she presumably will be awarded a divorce in the proceeding which she has instituted, and it is not contended that defendant at any time agreed that he would not defend such a suit by refuting her allegations if it is possible for him to do so.

As to the fourth defense, while equity will not ordinarily decree specific performance of a contract for the transfer of chattels or interests therein, it will do so where special and peculiar reasons exist such as render it impossible for the injured party to obtain adequate relief by way of damages in an action at law: *Schipper Bros. Coal Mining Co. v. Economy Domestic Coal Co.,* 277 Pa. 356, 361, 121 A. 193, 194. As far as the grocery and meat business is concerned, it is a comparatively long-established and profitable enterprise, it enjoys a neighborhood good-will, and plaintiff would not be able to establish by any satisfactory standard of measurement in an action at law the damages that would accrue to her by defendant's refusal to carry out his agreement with regard to it. His obligation to transfer the business is therefore specifically enforceable. Moreover, equity, having assumed jurisdiction in respect to the conveyance of the real estate, may properly grant relief as to all the other terms of what is an indivisible contract.

Finally, defendant contends that plaintiff cannot bring suit against him because of the marital relation.

At common law the unity of husband and wife was regarded as such that an action could not be maintained by one against the other, and, while the Married Women's Property Acts have given the power to a married woman to make contracts and to bring suits thereon, she is still prohibited from suing her husband, "except in a proceeding for divorce, or in a proceeding to protect and recover her separate property": Act of June 8, 1893, P.L. 344, as amended by the Act of March 27, 1913, P.L. 14. But even before the passage of those acts separate agreements between husband and wife were always held to be valid and enforceable by both parties if they provided for an actual and immediate and not merely a contingent or future separation: *Hutton v. Hutton's Administrator*, 3 Pa. 100; *Hitner's Appeal*, 54 Pa. 110; *Commonwealth v. Richards*, 131 Pa. 209, 18 A. 1007; *Scott's Estate* (2), 147 Pa. 102, 23 A. 214; *Fennell's Estate*, 207 Pa. 309, 312, 56 A. 875, 876.[2] And since those acts a suit by a wife against a husband on a separation agreement has been permitted without question, whether on the theory that her rights under such an agreement constitute her "separate property", or because the policy of the law which frowns upon such suits while the home is intact has no point or purpose when the husband and wife are separated: *Moorehouse v. Moorehouse*, 7 Pa. Superior Ct. 287, 288, 289; *Rodenbaugh v. Rodenbaugh*, 17 Pa. Superior Ct. 619; *Adams v. Adams*, 32 Pa. Superior Ct. 353; *Snyder v. Snyder*, 57 Pa. Superior Ct. 575; *Scott v. Scott*, 95 Pa. Superior Ct. 273.

The court found as a fact that defendant's agreement was to transfer title to his undivided interest in all the real estate set forth in the bill of complaint,

---

[2] See also *Kaiser's Estate*, 199 Pa. 269, 49 A. 79; *Singer's Estate*, 233 Pa. 55, 67, 68, 81 A. 898, 902; *Lineaweaver's Estate*, 284 Pa. 384, 391, 131 A. 378, 380; *Miller v. Miller*, 284 Pa. 414, 417, 418, 131 A. 236, 238; *Ray's Estate*, 304 Pa. 421, 430, 156 A. 64, 67.

which would include the three properties held by the parties as tenants by the entireties. In the court's decree, however, defendant is ordered to convey to plaintiff only *two* parcels of the real estate. Plaintiff has not appealed from that decree, but the record must nevertheless be remanded in order that the court below may properly indicate the properties which it is ordering defendant to convey.

Decree affirmed but record remanded for supplemental decree. Costs to be paid by plaintiff.