Neidigh, Appellant, *v.* Neidigh.

Argued May 25, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

480

*William H. Nast, Jr.,* for appellant.

*Harry B. Goldberg,* with him *Goldberg, Evans & Katzman,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 4, 1972:

This action in equity contains two counts concerning unrelated transactions between a couple who were married in 1933, separated pursuant to an agreement in 1959, became reconciled a few months later and lived together from early 1960 to June of 1969, when they again separated and have since been divorced.

In the first count, the husband, appellant, seeks a reconveyance of his interest in formerly jointly held real estate, which, pursuant to the 1959 separation agreement, he had conveyed to his wife for a consideration of $2,000.

In the second count, Mr. Neidigh claims fifty percent of a $10,000 payment made under a serviceman's group life insurance policy on the life of the couple's son, Kenneth M. Neidigh, who died on June 8, 1969.

The chancellor, by his decree nisi, dated June 17, 1971, dismissed both counts of appellant's complaint. Mr. Neidigh filed exceptions which, after argument, were dismissed on December 15, 1971. The decree nisi was entered as a final decree and the appellant filed this appeal.

With regard to the first count, according to the chancellor's opinion: "The testimony reveals that the defendant, Mrs. Neidigh, obtained the $2,000 to purchase her husband's interest in the real estate by securing a mortgage on the property and that after the parties were reconciled, the plaintiff, Mr. Neidigh, over a period of years, paid off the mortgage. The record also discloses that the husband used some $1,400 of the $2,000 he received from his then estranged wife to purchase a trailer which he eventually placed in joint names. Thus to a large extent, the defendant, Mrs. Neidigh, enjoyed the fruits of the $2,000." Nevertheless, the chancellor concluded that the law placed no duty upon Mrs. Neidigh to reconvey the property.

In arguing that the court erred in not ordering a reconveyance of the real estate or a setting aside of the deed executed by the appellant pursuant to the separation agreement, the appellant emphasizes our decisions in *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A. 2d 779 (1946), *Singer's Estate,* 233 Pa. 55, 81 Atl. 898 (1911), and *Hitner's Appeal,* 54 Pa. 110 (1867). *Zlotziver* held that a separation agreement can be annulled by a reconciliation and a resumption by the husband and wife of the marital relationship in the absence of any agreement to the contrary. *Singer* and *Hitner* contain dicta to the effect that if a parcel of real estate is simply transferred to one spouse as part of a separation agreement, if a subsequent reconciliation abrogates the separation agreement, then the property must be reconveyed.[1]

However, the dicta in *Singer* and *Hitner* do not help appellant. In the instant case, the real estate in question was not simply transferred pursuant to a separation agreement. It was *sold* for $2,000 consideration

---

[1] In *Singer,* the court found that the parties had reaffirmed the terms of their separation agreement when they reconciled. In *Hitner,* the court found that there was no reconciliation.

to Mrs. Neidigh. There is no dispute that the consideration was actually paid to the appellant. The fact that Mr. Neidigh later paid off the mortgage which his wife had assumed in order to pay the purchase price makes no difference. The appellant does not seek to recover that money and the record provides ample evidence that he paid off the mortgage gratuitously. Consequently, there was no error by the court in its decision to refuse to order a reconveyance of the property.

With regard to the second count, the record shows that on April 26, 1968, the couple's son, Kenneth Neidigh, completed a beneficiary designation form wherein he listed his mother as the primary beneficiary, to receive one hundred percent of the benefits of his life insurance, and his father, as a contingent beneficiary, to receive one hundred percent. Later, on May 25, 1968, while he was in San Francisco, prior to embarkation for Viet Nam, Kenneth Neidigh executed a second form which did not provide for division of beneficiaries into primary and contingent, but simply listed spaces for the names of each beneficiary. In this form, Kenneth set forth his mother's name on the first line, indicating that she was to receive one hundred percent of the benefits. Immediately below her name, he listed his father's name and indicated that he, too, was to receive one hundred percent of the benefits. He then went to Viet Nam and returned to his parents' home on May 29, 1969. While home, he died on June 7, 1969, as a result of injuries suffered in a motor vehicle accident. His mother claimed and received all of the insurance benefits under the policy. Mr. Neidigh claims that the second beneficiary form, the one executed on May 25, 1968, in San Francisco, made him and his wife tenants by the entireties in the proceeds. Since the second form was ambiguous, the court properly received into evidence the decedent's will, in which Kenneth Neidigh

left his entire estate to his mother, with his father as the sole heir on the contingency that his mother did not survive him. The court also received evidence that there was no change of circumstances between the execution of the first form and the execution of the second. We agree with the opinion of the trial court that: "Although it's undoubtedly true that the insured could have changed his beneficiary, it seems more reasonable that he merely intended to list the beneficiaries in the same manner provided in the prior form but that the later form did not contain any special column for primary and contingent beneficiaries. This inference seems quite clear when one considers the execution of a prior will and beneficiary form and the absence of any change in the circumstances of the various parties." See *Krimlofski v. United States,* 190 F. Supp. 734 (N.D. Iowa 1961).

Decree affirmed, each party to pay own costs.