# Morrison *v.* Warner.

*Practice, C. P.— Parties to action—Suit by joint obligor.*

A suit by a joint obligor against his co-obligors on the original obligation for its full amount is irregular.   His right is to contribution only and must be sustained by proof that he has paid more than his due share of the joint obligation.

*Affidavit of defense—Entry of judgment.*

Where an affidavit of defense makes out a clear prima facie defense, the court on a rule for judgment for want of a sufficient affidavit of defense has no authority to go into the whole matter in detail, and arrive at a conclusion as to a balance due to plaintiff, and enter judgment for an amount not claimed by the plaintiff on the record nor admitted by defendant to be due.   This is not the province of a judgment for want of a sufficient affidavit of defense, which must accept the averments of the affidavit as verity.   If it is to be overcome, it should be by facts judicially ascertained in the regular way.

Argued April 30, 1900.   Appeal, No. 91, Jan. T., 1900, by terre-tenants, from order of C. P. Warren Co., Dec. T., 1899, No. 25, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of B. G. Morrison, administrator of S. R. Morrison, deceased, now for use of B. G. Morrison, v. W. C. Warner, defendant, Mary E. Shearman and S. P. Shearman, her husband, C. F. Morrison, the South Penn. Oil Company and J. B. Cable, terre-tenants.   Before GREEN, C. J., McCOLLUM, MITCHELL, FELL and BROWN, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts sufficiently appear in the opinion of the Supreme Court.

*Error assigned* was in making absolute a rule for judgment for want of a sufficient affidavit of defense.

*D. U. Arird,* for appellant.

*D. I. Ball,* with him *W. J. Knupp,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1900 :

In August, 1885, plaintiff, B. G. Morrison, as administrator
of S. R. Morrison, sold land of his decedent to Warner, in con-
sideration, inter alia, of a mortgage of $10,000 from Warner to
plaintiff, as administrator. Six days later Warner sold back
the land to plaintiff individually and to C. F. Morrison and
Mrs. Shearman, two of the terre-tenants in the present action,
subject to the said mortgage which the three purchasers, who
were heirs of the decedent, jointly assumed to pay. The pres-
ent action is a scire facias on the mortgage, by plaintiff, adminis-
trator, mortgagee, to the use of himself individually against the
mortgagor, Warner, and plaintiff's two joint copurchasers as
terre-tenants. A joint obligor thus brings suit against the other
obligors, omitting himself, not for contribution but so far as the
record shows, on the original obligation for its full amount. If
the suit had been for contribution, plaintiff would have had to
prove his payment for the common benefit of more than his
just share of the common obligation. There is as yet no such
proof in the case and the burden cannot be escaped by any such
ingenious mode of procedure.

But the other obligors, terre-tenants, filed an affidavit of de-
fense in which they averred, inter alia, paragraph eight, that the
mortgage "has been paid in full to B. G. Morrison, adminis-
trator, by the above named parties, to wit: Mary E. Shearman,
Chas. F. Morrison and Byron G. Morrison." It is true that
they go on to state in some detail how the payments were made,
and the affidavit is perhaps fairly open to the criticism of the
learned judge below, that they do not state specifically how
much of the money paid was furnished by themselves. But
Mrs. Shearman filed a supplemental affidavit in which she
averred that the money employed by plaintiff in his individual
capacity, if any, for purchase of the balance of the mortgage
from himself as administrator, belonged to the estate, of which
the terre-tenants were heirs, and on a final adjudication of his
third account, the plaintiff had been adjudged to have in his
hands money of the estate more than sufficient to pay any un-
paid balance of this mortgage.

These affidavits though desultory and lacking in precision,
nevertheless set out a clear prima facie defense. The learned
judge below with much patience and care went over the whole

matter in detail and arrived at a conclusion as to a balance due to plaintiff, for which he entered judgment. It was not for the plaintiff's claim on the record nor for anything admitted by defendants. Had it been a decree upon final hearing in equity, or even upon a trial of the scire facias it is not improbable that the result would have been unassailable. But the objection is that it was reached on presumptions, inferences and criticism of very confused and inconclusive statements of parties and not on facts either admitted or judicially established. This is not the province of a judgment for want of sufficient affidavit of defense which must accept the averments of the affidavit as verity. The affidavits in this case as already said make out a prima facie defense. If it is to be overcome it should be by facts judicially ascertained in the regular way by further proceeding. Beginning in 1885 with a sale and a repurchase in six days, and the administration of the estate for so many years without final settlement, the whole transactions between the parties were out of the ordinary methods of business, and notwithstanding the care with which the learned judge treated it, the case was not one for decision in this manner, but should have been sent to a regular trial for full ascertainment of the facts by competent evidence.

Judgment reversed and procedendo awarded.