## Hofschild v. Hofschild

*Richard Shiroff* for Plaintiff.
*Carl Skinner*, for defendant.

FRANCIOSA, J., August 14, 1974.—In this equity action between spouses, the wife-plaintiff filed a complaint requesting that the court compel her husband to assume a note on which they are jointly and severally liable. This note, in the amount of $5,892.60, was executed and delivered by John Hofschild and Betty Hofschild, husband and wife, to the Easton National Bank and Trust Company. The joint obligation was undertaken in connection with a home improvement loan. The property involved in the transaction is held by the parties as tenants by the entireties. Since the separation of the parties, the wife and children have had the use and enjoyment of the entireties property.

A brief recital of case history is necessary for an understanding and determination of the issues raised in this action.

The wife and children are covered by a support order

entered on March 12, 1973. When initiated, the support order stated:

"AND NOW, to wit this 12th day of March, 1973, appear Betty Hofschild, Prosecutrix; and John Hofschild, Defendant, in above entitled case for non-support and agree that the Court may enter an Order directing the Defendant to pay the sum of $433.00 Dollars per month payable $100.00 weekly towards support of wife and four children namely: Michael, 17, Jeffrey, 16, Kurt 14, and Jack, 13, effective as of 3/12/73 no stipulations."

Although the initial order imposed no obligations on the husband other than direct support, he made the payments on the home improvement loan through May of 1973. However, he stopped making such payments in June of 1973. Thereafter, on November 1, 1973, the original support order was reviewed by the court on the husband's petition for a modification. A reduction was granted upon proof that the oldest child of the parties had become emancipated. During the modification hearing, the court refused to consider the husband's four-month default with respect to the home improvement loan. On that subject, the following appears at page 14 of the transcript:

"MR. MILIDES: If Your Honor please, has the Court made any disposition with regard to the liability of the defendant on the note?

"BY THE COURT: It has never been part of the order of this Court. The order was $433.00 a month, and that's the sole basis on which we addressed ourselves.

"MR. MILIDES: All right."

As a result of being unable to obtain recognition of her claim in the support proceedings, the wife-plaintiff

instituted this equity action on January 10, 1974. The matter came to be heard before the Hon. Alfred T. Williams, Jr., Judge of the Court of Common Pleas of this county. Subsequently, by stipulation of counsel, the writer was substituted as chancellor and authorized to adjudicate the matter on the basis of the evidentiary hearing held before Judge Williams.

After a careful review of testimony produced at that evidentiary hearing, we find no reason to hold the husband solely responsible for the joint obligation in question

Where a husband and wife enter into a home improvement contract for remodeling entireties property, both sign the note given as security, they are jointly and severally liable. See Wilner v. Croyle, 214 Pa. Superior Ct. 91, 252 A. 2d 387 (1969). As co-obligors, the right of action between husband and wife is to contribution. The general rule of apportionment in contribution is that all co-obligors must contribute equally in discharging their common obligation: Dowler Estate, 368 Pa. 519, 84 A. 2d 209 (1951); Mc-Glinn's Estate, 55 Montg. 5 (C.P. Pa. 1938); 18 Am. Jur. 2d, Contribution, §19. And, no cause of action for contribution arises until one obligor pays more than his just share of the common obligation: Morrison v. Warner, 197 Pa. 59, 46 Atl. 1030 (1900).

In order to circumvent the legal principles applicable to a cause of action for contribution, the wife-plaintiff alleged the existence of an oral contract. According to the wife, at the time of separation, her husband orally agreed to assume their common obligation with Easton National Bank and Trust Company. If she had been able to prove the allegations contained in her complaint, she would be entitled to prevail. The statute authorizing a married woman to

sue her husband to protect and recover her separate property[1] allows a married woman to bring an action on a separation agreement against her husband.[2] She may bring the action in her own name.[3]

But, the wife has failed to prove the allegations set forth in her complaint. The transcript before us consists of less than 20 pages. It is replete with inconsistencies, evasions and contradictions. When the small amount of credible evidence is examined, it is clear that no agreement between husband and wife, that the home improvement loan was to become the debt of the husband alone, was shown.

The wife's complete failure in carrying her burden of proof makes it unnecessary for us to go beyond the general finding we have just recited. We think that the general rule has not been rebutted and that the husband and wife are liable to contribute equally to the common obligation incurred to improve entireties property. Therefore, we direct the wife to invoke any existing right to contribution. In this equity action, however, she cannot prevail.

Accordingly, we enter the following:

## DECREE NISI

And now, August 14, 1974, the prayers for relief contained in plaintiff's complaint in equity are refused, and said complaint is denied and dismissed.

The prothonotary shall give notice to the parties, or their counsel of record, of the entry of this decree nisi and, if no exceptions are filed within 20 days thereafter, the decree shall be entered as the final decree by the prothonotary as of course.

---

[1] 48 PS §111.

[2] Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619 (1901).

[3] Snyder v. Snyder, 57 Pa. Superior Ct. 575 (1914).