## HUTTON *v.* HUTTON's Administrator.

Deeds, for the separation of husband and wife, are valid and effectual both in law and equity; provided, their object be actual and immediate, and not a contingent or future separation.

Where articles of separation under seal, between husband and wife, contemplate an immediate separation, and are carried into effect in good faith by the husband, and contain nothing unreasonable; the wife, after the death of the husband, will not receive the aid of a court in any attempt to violate them.

A wife can acquire a separate estate, which a court of equity will protect.

At law, no contract can be made between husband and wife, without the intervention of trustees; but in equity, where the contract is reasonable and has been consummated, it will be sustained without such intervention.

ERROR to Common Pleas of Cumberland county.

*June* 4. This was an amicable action, on a case stated for the opinion of the court, in which Sarah Hutton was plaintiff, and Jacob C. Duey, administrator of James Hutton, defendant. The parties agreed to enter this action without regard to form, for the purpose of ascertaining their legal rights by a judgment of the court. Either party to have the right to a writ of error, without oath or bail. The following facts were agreed upon, and to be considered in the nature of a special verdict.

On the 1st day of April, 1825, the plaintiff and defendant's intestate were duly and legally married, and on the 4th of May, 1835, they separated, for the causes and considerations mentioned in the agreement of that date, under the hands and seals of the said parties, which is annexed, and forms part of this case. The consideration mentioned in the said agreement, was received by the said Sarah Hutton from the said James Hutton, and was equal in value to $146 28, the sum claimed to be recovered by her in this suit. On the 1st day of April, 1839, James Hutton, seised of no real estate, but possessed of personal property which came to his administrator, in whose hands, upon the final settlement of his account, by the Orphan's Court, there was found to be $438 82, of which the plaintiff claims to recover, in this suit, the one third part, $146 28, as the widow's third under the intestate laws.

If, upon these facts, the plaintiff be entitled to recover, judgment to be entered for the sum of $146 28, otherwise for the defendant.

The article of agreement referred to, was in the following words: "Whereas, unhappy difference has arisen between the said James Hutton and Sarah his wife, insomuch that she, the said Sarah, hath by and with the consent and approbation of the said husband, James

Hutton, agreed to live sole and separately from the said James Hutton, at her own expense, without charging or engaging her said husband in any debt or debts whatsoever, for her maintenance and subsistence. And whereas the said James Hutton and Sarah his wife are both content, willing and desirous, that they, the said James and Sarah, shall have, keep and enjoy, all and every the estates, goods, chattels, bills, bonds, rights, credits, household stuff and all other commodities whatsoever, which they the said James and Sarah each have, or any person or persons have in trust for them, but also all other estates, rights, credits, moneys, goods, claims and demands whatsoever, which they the said James and Sarah, by their own industry, shall obtain or acquire. Now, know ye that I, the said Sarah Hutton, in consideration of the said premises, and in consideration of the following articles which are now in the possession of the said James Hutton, and claimed by me, and to be given up to me, to wit : one feather bed, bedstead and bedclothes, one bureau, one looking-glass, one iron pot, one tin bucket, two tubs, one coffee mill, one soap vessel, one rain water vessel, and sundry other articles of cupboard furniture, and also the sum of $100 in cash, have granted, remised, and for ever quit claims unto the said James Hutton, his heirs and assigns for ever, all my dower and third, right and title of dower and third, and all other right, title, interest, claim and demand whatsoever in law or equity, of, in and to all the houses, lots belonging to him the said James Hutton, situated in the said borough of Carlisle, and also all my right, title and interests, claim and demand whatsoever, to all his real estate, be it of whatsoever kind, it may be in said borough of Carlisle, or elsewhere, and to all moneys, goods and chattels, rights and credits which he the said James Hutton is now in possession of, and also my right, title, interest, property, claim and demand whatsoever, to all and other the estate, goods and chattels, lands and tenements, rights and credits, which he the said James Hutton, by his own industry, shall hereafter obtain or acquire, or which, by any gift or devise, he the said James Hutton might or can hereafter claim, challenge or demand; and further, I, the said Sarah Hutton, do covenant, promise, grant and agree to and with the said James Hutton, that it shall and may be lawful to and for him the said James Hutton, by his last will and testament, or by any other deed or writing, duly executed, to give away and dispose of all or any such estate, moneys, goods and chattels, as within mentioned, of which he is now possessed, or may hereafter be possessed; and that such will and testament, or other deed, shall be good and available in law, the consent of the said

I 2

Sarah Hutton being hereby declared thereto; and further, the said James Hutton doth hereby for himself, his heirs, executors, administrators and assigns, covenant, promise, grant, to and with the said Sarah Hutton, her executors and administrators, that the said James Hutton, his executors and administrators, shall and will, from time to time, and at all times hereafter, will and sufficiently save, defend and keep harmless and indemnified, all the estates, goods, and chattels, and all and singular the premises hereby granted and assigned to her the said Sarah Hutton, and all other the estate, goods and chattels, rights and credits, which she the said Sarah Hutton, by her own industry, shall hereafter obtain or acquire, or which, by gift or devise, she the said Sarah Hutton, in her own right may, might or can hereafter claim, challenge or demand, and of and from all manner of action or actions, suits and judgments, against him the said James Hutton had, suffered, or recovered, or sued forth, or obtained against him the said James Hutton, by any debt or fraud of the said James Hutton, or his act, means, default, consent, or procurement; and further, the said James Hutton doth covenant, grant, and agree to and with the said Sarah Hutton, that it shall and may be lawful to and for the said Sarah Hutton, by her last will and testament, or by any other deed or writing, by her duly executed, to give away and dispose of all or any such estate, moneys, goods and chattels, as within mentioned, and of which she is now, or may hereafter be possessed, and that such will and testament or other deed shall be good and available in law, the consent of the said James Hutton being hereby declared thereto."

The court gave judgment for the defendant; whereupon, the plaintiff removed the record to this court, and assigned the judgment of the court below, for error here.

*Todd,* for plaintiff in error.—In the argument of this cause, in the court below, it was admitted that the article of agreement between Mrs. Hutton and her husband was originally void and inoperative; but that in consequence of the execution of the agreement, and the consummation of the contract in the lifetime of James Hutton, equity will now render valid and binding the originally void contract, and make it a perfect estoppel against the plaintiff's recovery in this case.

That the agreement was and is void, we think there can be no doubt. No principle in the books, from the earliest to the latest, is more firmly settled than that which declares the incapacity of the husband and wife, as against the wife, to make and execute con-

tracts between themselves, without the intervention of trustees. During the existence of the matrimonial union, her legal existence is merged in that of her husband. She is *sub potestate viri*, and incapable of contracting with him. Co. Litt. 112 a, 187 b; Litt. sec. 168, 291; 1 Blacks. Com. 441; 2 Kent's Com. 128.

Justice Story, in the 2 Eq. Jur. sec. 1428, lays down, as a fixed and incontrovertible rule, that an agreement entered into between the husband and wife, without the intervention of trustees, is utterly void. So in the case of Lord St. John v. Lady St. John, 11 Vesey, jun., 531, 532. Same principle in case of Legard v. Johnson, 2 Ves. 352.

This agreement, then, being void, no subsequent act, on the part of Mrs. Hutton, could infuse vitality into it.

It was said by Lord Kenyon, in 7 T. R. 539, that a feme covert can do no act to estop herself. If this be true, then the reception by Mrs. Hutton, of the consideration mentioned in the agreement, cannot preclude her now from asserting and claiming to receive and enjoy the rights inseparably incident to the matrimonial contract.

In McCauley v. Philips, 4 Vesey, jun., 15, an agreement between husband and wife, whilst they lived apart, though not legally separated, for him to take part of certain stock held in right of the wife, and to give up the residue, was held not to be binding on the wife, and that she, surviving, was entitled to the whole in preference to the husband's assignee.

And again, in Slater v. Slater, 1 Younge & Collyer, 28, it was determined that a deed of separation between husband and wife did not bind the wife surviving, nor deprive her of her share in her husband's personal estate, to which she was entitled by the custom of London.

By the custom of London, the widow is entitled to the same proportion of her husband's personal estate as is given to her by our intestate laws.

*Watts*, for defendant in error.—The husband and wife, for the reasons stated in the contract, agreed to separate, in consideration that the wife should receive all she brought to her husband when married, and $100 more. This contract was executed by an immediate separation, the payment of the consideration to the wife, and by their having actually lived separate and apart until he died. The question presented by the case is, whether the widow may now repudiate all this, and claim the one-third of his estate under the intestate laws?

It is conceded, that the policy of the law does not sanction contracts by which husband and wife may be induced to separate. Hence, while a contract between husband and wife for *future* separation, or in contemplation of their living separate, is wholly void, a contract for *immediate* separation and maintenance will be supported both at law and in equity. See Shelford on Marriage and Divorce, 609, 610, found in No. 99 of Law Lib. p. 361, which cites 8 Mod. 22; 1 Burr. 542.

But, the point seems to be conclusively settled in the case of McKennan *v.* Phillips, 6 Whart. Rep. 576, where the Chief Justice says, that "a wife can acquire a separate property in equity by an agreement with her husband, without the intervention of trustees."

In the argument of the counsel in this case, all the English and American authorities are collected, which show that an agreement between husband and wife to separate will be enforced in all cases where the sanction of the law is not asked to induce a separation; but here the contract of separation has been made, executed and consummated by the death of one of the parties, and the survivor, while she holds on to the consideration received by her, seeks to enforce her claim in the face of her covenant. As to the validity and binding force of her covenant, it is said by Lord Eldon and Justice Bayley, in the case of Beard *v.* Webb, 2 Bos. & Pul. 93, cited in the Law Lib., before referred to, "As to the general question with respect to the validity of such deeds, it has for so long a period of time been the system of jurisprudence to hold such deeds valid, it is not for this court to entertain the question that has been proposed."

It is not essential that there should be the intervention of a trustee. Lehr *v.* Beaver, 8 Watts & Serg. 103; Elworthy *v.* Bard, 2 Sim. & Stu. 372; Fenner *v.* Taylor, 1 Sim. 169; Guth *v.* Guth, 3 Br. Ch. 614; 1 Atk. 271; 3 Atk. 393, 394.

*June* 9. ROGERS, J.—This case is free from difficulty. Deeds for the separation of husband and wife are valid and effectual, both at law and in equity, provided their object be actual and immediate, and not a contingent or future separation. This distinction runs through all the cases, and, although the wisest judges have frequently asserted that deeds of separation are at variance with the policy of the law, it is now too firmly settled to be shaken. The argument here contemplates an immediate separation; it was carried into effect in good faith by the husband, has nothing unreasonable in it, and consequently, the wife, after the death of the husband is

not entitled to the aid of the court, in any attempt to violate it. That a wife can acquire a separate property, which a court of equity will protect, is ruled in many cases, and is recognised in McKennan *v.* Phillips, 6 Whart. 576. At law, no contract can be made between husband and wife without the intervention of trustees; for she is considered as being *sub potestate viri*, and incapable of contracting with him. But in equity, when the contract is reasonable, and where it has been consummated, it will be upheld.

Judgment affirmed.