## Majeska, Appellant, *v.* Dannenbaum.

Argued December 15, 1933. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Elias Magil,* and with him *Philip Sterling* of *Sterling & Willing,* for appellant.

*John A. Skelton, Jr.,* and with him *William T. Connor* and *John R. K. Scott,* for appellee.

PER CURIAM, February 1, 1934:

This is an appeal from the order of the court discharging the rule for judgment for want of a sufficient affidavit of defense. The plaintiff seeks to recover from the defendant the sum of $125 by virtue of a written agreement providing for such payment each month during the period of her life. The consideration for the payment is the wife's relinquishing her right title and interest in certain personal property.

The defendant alleges that this consideration is mentioned merely to lend color to the agreement and that the real consideration was an arrangement between the plaintiff and the defendant by which she was to obtain a divorce from the defendant on the ground of cruel and barbarous treatment and the defendant would make no defense thereto; that the divorce would be obtained upon false and fabricated testimony; that she never had any title to the personal property which on the face of the agreement was to be the consideration for the payment of the sum each month.

Judge ROSEN, who wrote the opinion for the lower court, refers to the case of Kuhn v. Buhl, 251 Pa. 348, 96 A. 977: "The rule is established that, 'where a written instrument is attacked upon the ground that the contract is offensive to law and violative of public policy, the whole transaction should be inquired into, and the court will not suffer itself to be embarrassed by any technical rules regarding the admissibility of evidence.' " In the opinion from which this quotation is taken, there are a number of cases cited, in support of the above statement.

We continue to quote from the opinion of Judge ROSEN:

"The affidavit of defense attacks the contract as

being offensive to law and violative of public policy. The whole transaction should therefore be inquired into, which can only be done by submission of the case to a jury.''

Commenting upon the authorities cited on behalf of the appellant, Judge ROSEN draws a distinction between them and the present case as follows: "In Irvin v. Irvin, 169 Pa. 529, there was an actual release by the plaintiff of her dower rights to certain land belonging to her husband, which release was expressed as the consideration for the agreement. In Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619, there was a legal obligation on the part of the husband to support his wife and children, which was the consideration for the agreement upon which suit was brought. In Thommen v. Thommen's Inc., 95 Pa. Superior Ct. 17, there was a valuable consideration expressed in the contract which the plaintiff proved she had performed and the performance of which was not denied by the defendant. In each of these cases, therefore, the plaintiff proved an agreement founded upon a legal consideration. In our case the affidavit of defense denies the existence of the consideration expressed in the agreement; that is, it denies that the plaintiff had any claim of ownership to the furniture, silverware, etc., the giving up of which is the consideration for the promise of the defendant to make the monthly payments to her. We do not know whether she will be able to prove the consideration expressed in the agreement at the trial of the case, and until it is proved, we cannot say as a matter of law that she has an enforceable contract.'' The case is not one that requires a summary judgment.

The order of the lower court refusing judgment is **affirmed.**