## Forbes *v.* Forbes, Appellant.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*C. Arthur Blass,* with him *J. Villard Frampton, James H. Courtney* and *Frampton & Courtney,* for appellant.

*Robert M. Dale,* for appellee.

OPINION BY ROSS, J., July 19, 1946:

This is a suit in assumpsit brought by a divorced wife against her former husband on a written contract

entered into prior to the divorce. The jury returned a verdict for the plaintiff wife and after the lower court refused defendant's motion for judgment n. o. v., this appeal was taken.

After setting forth the intention of the wife to seek an absolute divorce from her husband and the mutual desire of the parties to settle their property rights "without prejudice to the right of either to contest any divorce proceeding instituted by the other", the husband agreed to pay the wife $110.00 a month for life and "to secure the payment thereof the husband does hereby irrevocably hypothecate and pledge . . . all moneys to become due to him" from his present or any future employer; and the wife released the defendant husband from his obligation to support her in the future. The parties provided for a distribution of certain personal possessions and each renounced all interest in the estate of the other.

The defendant for some time made the monthly payments as provided and then after he discontinued payments, suit was brought on the contract. After an affidavit of defense raising questions of law was dismissed, an affidavit to the merits was filed, setting forth, inter alia, "that the said agreement was entered into for the purpose of severing the marriage relations between the plaintiff and defendant by the procurement of a divorce and was entered into upon an arrangement to facilitate the granting of an absolute divorce and upon collusion to obtain a decree of divorce in a proceeding to be brought by the plaintiff as libellant", and averring, therefore, that the agreement is void and against public policy.

The contract involved in this case is not illegal on its face. It does not disclose any agreement to facilitate the proceeding for divorce or that the husband agreed not to defend the divorce action or furnish any evidence helpful to the wife or to aid or assist in any way. On the contrary, the contract expressly provides ". . . without prejudice to the right of either party to contest any

246

divorce proceeding instituted by the other". It purports to be a family settlement providing for maintenance and support of a wife after divorce by one who was legally obligated to support her and, as such, a valid contract. Family settlements are always favored and when made to settle controversies between husband and wife will be enforced if legally possible (*Fishblate v. Fishblate,* 238 Pa. 450, 86 A. 469), even when made in view of an understanding that the marital ties will be immediately broken. *Burkholder's Appeal,* 105 Pa. 31; *Hitner's Appeal,* 54 Pa. 110; *Dillinger's Appeal,* 35 Pa. 357; *Hutton v. Hutton,* 3 Pa. 100. Bona fide agreements relating to alimony or the adjustment of property rights between husband and wife, though in contemplation of divorce, will be upheld if not directly conducive to the procurement of a divorce. *Miller v. Miller,* 284 Pa. 414, 131 A. 236.

Following the rule that where an affidavit of defense attacks the contract sued upon by the plaintiff as being offensive to law and violative of public policy, the whole transaction should be inquired into by submitting the case to the jury (*Kuhn v. Buhl,* 251 Pa. 348, 96 A. 977; *Majeska v. Dannenbaum,* 111 Pa. Superior Ct. 308, 170 A. 398), the instant case was submitted to the jury and the jury found for the plaintiff. As the question is whether judgment n. o. v. shall be entered, the plaintiff is entitled to have the evidence supporting her verdict considered and the rest rejected. *Kulka v. Nemirovsky,* 314 Pa. 134, 170 A. 261. The rule is established by abundant authority that the party whom the verdict favors must be given the benefit of every fact and inference of fact pertinent to the issue which may reasonably be deduced from the evidence and which the jury can find therefrom; that such facts and inferences of fact must be taken as true; that all testimony must be read in the light most favorable to him, and all conflict of evidence must be resolved in his favor, whether such testimony has been offered by him or by his adversary.

*Barron v. Hydrotated Anthracite Fuel Co.,* 159 Pa. Superior Ct. 35, 46 A. 2d 506; *Christ v. Hill · Metal & Roofing Co.,* 314 Pa. 375, 171 A. 607; *Graff v. Scott Bros.,* 315 Pa. 262, 172 A. 659. With this rule in mind, we will review the material evidence in this case.

The parties to this action were married in 1914 and for about six years prior to the execution of the contract involved in this suit they had been having marital difficulties. In June 1942, the wife obtained counsel and stated to him that it was unbearable to live with her husband longer and that she wanted a divorce. When she asked him about her future maintenance and support, he explained to her that if she got an absolute divorce her husband would be relieved from her future support and maintenance. He also advised her of the possibility of getting a cash settlement in lieu of maintenance and support if an absolute divorce were granted. She advised him to proceed as he deemed advisable. Thereupon a libel in divorce, asking for a limited divorce on the grounds of adultery, cruel and barbarous treatment and indignities to the person, and a petition for alimony were prepared by her counsel and executed by her. Immediately thereafter her counsel wrote to the appellant, advising him that he had been retained as counsel by the wife, and also "afford you or your attorney an opportunity to confer with me with regard to this subject". A few days after receipt of this letter, the appellant, accompanied by his counsel, conferred with the wife's counsel at his office, where appellant was shown a copy of the executed libel and petition for alimony. At this meeting the appellant was advised that his wife was not going to live with him any more; was asked whether he (the defendant) wanted to make a property settlement to provide for his wife's maintenance and support or wanted her to go ahead with the proceedings, whereby he would be compelled to support her. It was understood that if the wife could get a property settlement, she would carry out her original intention of applying for

an absolute divorce, and it was also understood among the parties that the charge of adultery would not be included in the new libel. According to the testimony, the appellant was greatly interested in having the charge of adultery excluded from the proposed new libel so as to avoid a public disclosure of his alleged improper association with a certain named woman. After some negotiations as to the amount of the monthly payments, the contract was entered into and shortly thereafter a new libel in divorce was executed by the wife asking for an absolute divorce on the grounds of indignities to the person and cruel and barbarous treatment, and on January 11, 1943, the Court of Common Pleas of Venango County granted the divorce as prayed for. The fact that the parties agreed to limit the grounds on which a divorce would be sought would not invalidate the contract. *Irvin v. Irvin*, 169 Pa. 529, 32 A. 445; *Miller v. Miller*, supra, 284 Pa. 414, 131 A. 236; *American National Bank of Camden, Admr., v. Kirk et al.*, 317 Pa. 551, 555, 177 A. 801. According to the testimony, there was no agreement that the husband would not contest the divorce proceedings, no offer on his part to produce any evidence which would facilitate the granting of a divorce and no evidence in any particular of collusion between the parties.

The contract being valid on its face, the burden of showing its invalidity was upon the appellant, and this he failed to do. He raised certain issues, viz., whether the contract was entered into for the purpose of severing the marriage relations; whether it was an arrangement to facilitate the granting of a divorce; and whether there was collusion between the parties to obtain a divorce. The jury by its verdict decided these issues against the appellant and in effect found that the contract involved in this case was what it appeared to be on its face, i. e., a valid family settlement providing for the support and maintenance of a wife.

The appellant further contends that the contract is invalid because of the provision whereby the husband

irrevocably hypothecated and pledged all monies to become due to him from his present or any future employer. This contention is premature. The pledge of wages is a means of collection only in the event that the husband defaulted, and a disregard of this provision would not defeat the primary purpose of the contract. It is in evidence that the contract has already been performed in part, so that even if this provision were illegal, which it does not appear to be, it would not affect the right of the plaintiff to recover in this suit. "A bargain that is illegal only because of a promise or a provision for a condition, disregard of which will not defeat the primary purpose of the bargain, can be enforced with the omission of the illegal portion by a party to the bargain who is not guilty of serious moral turpitude unless this result is prohibited by statute. Recovery is more readily allowed where there has been part performance of the legal portion of the bargain." Restatement of the Law of Contracts, Vol. II, paragraph 603.

Judgment affirmed.