470 A.2d 1385

**Elaine E. HUBER, Appellant**

v.

**Robert R. HUBER.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1983.

Filed Jan. 13, 1984.

Robert K. Kistler, State College, for appellant.

Charles J. Weyandt, State College, for appellee.

Before ROWLEY, POPOVICH and MONTGOMERY, JJ.

ROWLEY, Judge:

This is an appeal, by Elaine E. Huber, appellant, from an order of the trial court sitting *en banc* overruling her exceptions to the trial judge's order that dismissed her complaint in assumpsit. On appeal, she claims that the trial court erred in ruling that a post-nuptial contract executed by her and her former husband, Robert R. Huber, appellee, was against public policy and unenforceable *as a matter of law.* We reverse.

Elaine and Robert were married on August 16, 1952. During their marriage, they had four children. On October 25, 1976, they entered into a post-nuptial agreement that included, among other things, provisions for: the separation of Elaine and Robert; custody of the children; support for Elaine; support for the children; the disposition of personal property; and, life insurance. Although the record does not disclose it, counsel agreed that subsequent to the execution of the agreement, Robert obtained a divorce. On May 21, 1980, Elaine filed a complaint alleging that Robert had failed to make the payments, as set forth in their agreement, for the support of one of the children and for the college education of another child. She did not seek to enforce any of the other provisions of the contract in her assumpsit action.

Robert filed preliminary objections to the complaint in the nature of a demurrer and a motion to dismiss the complaint. The objections did not raise the issue of the agreement's enforceability or legality. The trial court, sua sponte,

"raised the issue of the validity" of the agreement. The court chose not to rule on Robert's preliminary objections and instead decided that the contract was unenforceable because it contained a provision that it was contingent on Robert "obtaining an *uncontested* divorce." (emphasis supplied.) As a result, Elaine's complaint was dismissed on January 20, 1981, without a hearing and without an answer having been filed by Robert. On January 26, 1981, Elaine filed exceptions to the order of the trial court. The exceptions were heard by a court *en banc* which filed an opinion and order denying the exceptions on January 11, 1982. Elaine filed a notice of appeal from the order denying her exceptions on February 9, 1982. Upon review of the record, we find that the trial court erred in holding that the post-nuptial agreement was unenforceable as a matter of law and, therefore, we reverse.

 Initially, we note that the appeal in this case, was timely filed. Although neither party raised the issue of the appealability of the en banc court's order, it is encumbent upon this Court to determine whether the appeal is properly before us. *Rohr v. Keystone Insurance Co.*, 294 Pa.Super. 179, 439 A.2d 809 (1982).

Under the circumstances of this case, the trial court's order of January 20, 1981, dismissing appellant's complaint, was not a final appealable order. In dismissing appellant's complaint, the trial court did *not* rule on the preliminary objections raised by the appellee. On the contrary, the trial judge raised the issue of the illegality of the contract on his own, and in doing so, he decided the case on the basis of a potential, affirmative defense that should have been pleaded in an Answer containing New Matter. *See* Pa.R.C.P. 1030. In this situation, the trial court's order was, in reality, an adjudication on the merits of a potential defense available to appellee. The appellant, therefore, was warranted in filing exceptions to that adjudication. Consequently, the order of the court *en banc* denying appellant's exceptions was the appealable order in this case and the

instant appeal was timely filed within thirty days of the date of that order.

In this case, appellant brought suit to recover *child support* payments due from appellee as set forth in Paragraph 3 of the post-nuptial agreement. Paragraph 3 provides, in pertinent part:

Husband acknowledges his duty to contribute support and maintenance to the minor children of the parties. Husband hereby agrees to pay to wife for support of the minor children the total sum of THREE HUNDRED ($300.00) DOLLARS per month, *the first payment to be made upon the signing of this Agreement, and payments thereafter to be made on the first day of each month commencing November 1, 1976.* At such time as husband obtains full employment, husband agrees to pay for the support, maintenance, education, and recreation of the children an amount equal to fifteen (15%) percent per child of his net salary from base wages; provided, however, that such support shall not be less than THREE HUNDRED ($300.00) DOLLARS per child per month nor more than THREE HUNDRED SEVENTY–FIVE ($375.00) DOLLARS per child per month .... The parties further agree that each shall contribute to the higher education of their children if the children are able and willing to undertake advanced education at trade or technical schools or in full-time undergraduate college degree programs after their graduation from high school and until their twenty second birthday ... (emphasis added).

The agreement also contained provisions for support of the wife, and the disposition of personal property. The trial court determined that the agreement was unenforceable as being against public policy, because it contained the following provision in Paragraph 13:

This Agreement is contingent upon husband obtaining an *uncontested* divorce on ground of indignities from wife on or before January 31, 1977. This agreement shall not be construed as evidence of grounds of defense or an action for divorce. (emphasis added)

On the record in this case, we find that the trial court erred in holding that the contingency of an "uncontested" divorce set forth in Paragraph 13, rendered the entire post-marital contract, including the support provisions for the children, void and unenforceable *as a matter of law.*

A close reading of the marital agreement reveals a number of patent ambiguities that are inexplicable absent extrinsic evidence. The contract was executed by the parties on *October 25, 1976,* and the first child support payment under Paragraph 3 was due upon execution of the agreement, with subsequent payments due on the first of each month, commencing *November 1, 1976.* Consequently, the husband's support obligations for the children were due immediately upon the signing of the agreement. On the other hand, Paragraph 13 specified that the agreement was contingent upon the grant of an uncontested divorce to the husband on the ground of indignities on or before *January 31, 1977.* Since the husband's support obligations under Paragraph 3 became operative *three months before* the final date listed for entry of a divorce, we do not perceive that the terms of the support provision for the children were contingent upon the entry of a divorce decree. There is no mention in the contract of the inter-relationship between the separately numbered paragraphs. In reviewing a written instrument in order to determine whether it is violative of public policy, the whole transaction must be evaluated and each case must be governed by its own circumstances. *Miller v. Miller,* 284 Pa. 414, 420, 131 A. 236, 238 (1925). Since the trial judge disposed of this case by dismissing the complaint without a hearing, there is no evidence of the parties' intentions regarding the meaning or relationship of these separate provisions. In addition, the interpretation of Paragraph 13 itself is unclear, since the second sentence provided that "[t]his agreement shall not be construed as evidence of grounds of defense or an action for divorce." Moreover, even if Paragraph 13 did constitute an illegal attempt to condition enforcement of the post-nuptial agreement upon the award of an uncontested divorce to

one of the parties, the provisions for child support may still be enforceable.

In *Craig's Estate*, 298 Pa. 235, 148 A. 83 (1929), the husband and the wife entered into a written post-marital agreement that provided for support and maintenance of the wife and of the parties' son, and for the education of the son. Certain securities and a $5,000.00 promissory note were deposited with a trustee, the income thereon to be paid to the wife for the support and maintenance of her and the son. If the wife obtained a divorce on grounds of desertion from the husband within three years, the securities were to be transferred to her, and if she did not, the securities and the note were to be returned to the husband. It was also agreed that, if the divorce was granted, the principal on the note would be paid over to the son absolutely when he reached the age of twenty three. Upon the audit of the executor's account in the husband's estate, the son claimed either a child's share therein, or the sum of $5,000.00 with interest in accordance with the terms of the agreement.

The main issue in the case was whether the entire agreement was void as against public policy, because it was a contract for the institution and the prosecution of a suit for divorce. The Court determined that the contract contained two separate and distinct promises, with separate considerations supporting them, even though they were embodied in a single agreement. The Court described the terms of the agreement, and their effect, as follows:

> The one ... provided for the deposit and subsequent gift of the securities to the wife, the consideration for it being, ... an illegal agreement to institute and prosecute the suit for divorce; the other was the note given to secure the maintenance and education of appellant, and it is supported by the consideration of testator's legal obligation so to do, from the time of the making of the agreement, when appellant was but seven and a half months old, until he reached his majority. It is of no consequence that the two were embodied in one document (13 C.J. 562); they were readily severable and must be so

considered: 13 C.J. 561; *Perkins v. Hart,* 11 Wheaton 237, 251 [24 U.S. 237, 251, 6 L.Ed. 463]; *Wolf v. Welton,* 30 Pa. 202.

*Id.,* 298 Pa. at 239–40, 148 A. at 85.

The Court further noted that the husband's monthly payments on the note were evidence that he recognized its validity. Thus, the Court determined that the son was entitled to be awarded the full sum of $5,000.00 plus interest from his father's estate.

In the instant case, the husband acknowledged "his duty to contribute support and maintenance to the minor children of the parties" in Paragraph 3 of the agreement. In fact, appellant's complaint stated that appellee had fulfilled his support obligation to the children under the agreement from November 1, 1976 until September 1, 1977. In the absence of any evidence to the contrary, it appears that the husband's child support obligations under this agreement are severable from his other obligations under the agreement. The fact that he partially performed his obligations is significant in this regard.

In *Forbes v. Forbes,* 159 Pa.Super. 243, 48 A.2d 153 (1946), it was alleged that a post-marital contract was invalid because it contained an illegal provision whereby the husband irrevocably pledged his future wages to satisfy his contract obligations in the event of default. Since there was evidence that the contract had already been performed in part, the court held that even if this provision were illegal, it would not affect the right of the wife to recover support payments. The Court quoted the following paragraph of the Restatement of Contracts

A bargain that is illegal only because of a promise or a provision for a condition, disregard of which will not defeat the primary purpose of the bargain, can be enforced with the omission of the illegal portion by a party to the bargain who is not guilty of serious moral turpitude unless this result is prohibited by statute. Recovery

is more readily allowed where there has been part performance of the legal portion of the bargain.

RESTATEMENT (FIRST) OF CONTRACTS § 603 (1932).

The Restatement of Contracts, Second, Section 184, contains the following similar language:

(1) If less than all of an agreement is unenforceable under the rule stated in § 178, a court may nevertheless enforce the rest of the agreement in favor of a party who did not engage in serious misconduct if the performance as to which the agreement is unenforceable is not an essential part of the agreed exchange.

(2) A court may treat only part of a term as unenforceable under the rule stated in Subsection (1) if the party who seeks to enforce the term obtained it in good faith and in accordance with reasonable standards of fair dealing.

RESTATEMENT (SECOND) OF CONTRACTS § 184 (1979).

■ In light of the above cited authority, and in the absence of any evidence to the contrary, the child support provisions under the present post-nuptial agreement were enforceable although the other terms of the contract *may* have been illegal. We note that the question whether the wife is barred from enforcing the terms of the contract which provided for her own support and maintenance, is not before us, since this suit was instituted to recover past due child support payments only. We hold only that the trial judge mistakenly concluded that the child support provisions in this agreement were unenforceable, *as a matter of law.* Consequently, the trial court erred in dismissing appellant's complaint and failing to rule on appellee's preliminary objections. Therefore, we reverse and remand for the court to consider and act upon the preliminary objections to appellant's complaint and for such further proceeding as thereafter may be appropriate.

Jurisdiction is not retained.

POPOVICH, J., concurs in the result.