J-S20016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH MARTINI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM ROCCO, ROCCO MIXED | : | |
| MARTIAL ARTS, INC., AND PHILLY'S | : | |
| NEXT CHAMP, LLC. | : | No. 2230 EDA 2019 |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ADAM ROCCO | : | |

Appeal from the Order Entered June 11, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  February Term, 2017 Case No. 170104922

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

DISSENTING MEMORANDUM BY McLAUGHLIN, J.:

**FILED OCTOBER 23, 2020**

I agree with the Majority's disposition of the first seven issues. However, I respectfully disagree with the Majority's conclusion that the trial court abused its discretion when it molded the verdict.

As the Majority stated, we review a trial court's decision to mold a verdict for an abuse of discretion. The trial court "has the power to mold a jury's verdict to conform to the clear intent of the jury." **Carlini v. Glenn O. Hawbaker, Inc.**, 219 A.3d 629, 639 (Pa.Super. 2019) (quoting **Mendralla v. Weaver Corp.**, 703 A.2d 480, 485 (Pa.Super. 1997) (*en banc*)).

The jury found that in paragraph 12 of the agreement of sale, Philly's Next Champ, LLC ("PNC") assumed Rocco Mixed Martial Arts, Inc.'s ("RMMA") obligation to pay Joseph Martini. However, the jury also found that Adam Rocco fraudulently induced PNC to revise paragraph 12 to provide for that assumption of liabilities. The trial court reconciled these findings, concluding that "the jury could not have intended PNC be forced to pay RMMA's judgment to the Plaintiff when the source of that obligation was fraudulently-induced revisions to ¶ 12." Trial Court Opinion, filed June 11, 2019, at 18.

I would conclude that in so doing, the court did not abuse its discretion. The court gave effect to both jury findings, and thus reasonably effectuated the jury's intent.

Further, I would conclude that the court did not abuse its discretion in severing the assumption of liabilities clause from the agreement of sale. I agree with the trial court that the notion that PNC had to either rescind the contract or affirm it and sue for damages, "conflates the operation of a contractual severability clause with a rescission of a contract." *Id.* at 19. The court reasoned that "[t]he severing of a contractual provision by operation of the severability clause does not implicate the concept of a rescission of that contract. The purpose of such a clause is to permit the parties to continue with the primary goals of the contract without having to rescind or to bring suit." *Id.* at 20.

In Pennsylvania, "if less than an entire agreement is invalid, and the invalid provision is not an essential part or the primary purpose of the

agreement, then the remaining portions of the agreement are fully enforceable." ***Stewart v. GGNSC-Canonsburg, L.P.***, 9 A.3d 215, 217 (Pa.Super. 2010) (citation omitted); ***Huber v. Huber***, 470 A.2d 1385, 1389 (Pa.Super. 1984). Further, the Agreement of Sale at issue in this case included a severability clause:

> 24. In the event that for any reason one or more non-material provisions of this Agreement or their application to any person or circumstance shall be held to be invalid, illegal or unenforceable in any respect or to any extent, such provisions shall nevertheless remain valid, legal and enforceable in all such other respects and to such extent as may be permissible. In addition, any such invalidity, illegality or unenforceability shall not affect any other provisions of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

Agreement of Sale at ¶ 24.

"Issues of contractual interpretation are questions of law." ***Wert v. Manorcare of Carlisle PA, LLC***, 124 A.3d 1248, 1259 (Pa. 2015). "Accordingly, this Court's standard of review is *de novo* and its scope is plenary." ***Id.*** (citing ***McMullen v. Kutz***, 985 A.2d 769, 773 (Pa. 2009)).

The trial court concluded that "[t]he assumption of liabilities provision of ¶ 12 was merely ancillary to the primary purpose of the contract, which was the sale and transfer of the business." Tr. Ct. Op. at 20. The court reasoned that the parties evidently did not consider it to be a primary purpose, as "the agreement contained many paragraphs denying the existence of any liabilities, debts, or other obligations." ***Id.*** at 21 (emphasis removed). The

court pointed out that "[p]aragraph 21 expressly stated that Rocco did not know of any 'claim, action, suit, inquiry, proceeding or investigation of any kind or nature whatsoever' within . . . the past two years or currently pending or threatened against the Seller." *Id.* The court added that the agreement of sale required RMMA and Rocco to indemnify PNC and hold it harmless "from and against all suits, demands, actions, and/or claims of whatsoever nature which are brought against Buyer no matter when the action, suit, demand or claim is brought if the event giving rise to the claim occurred prior to Closing." *Id.*

The court thus concluded that "[t]he agreement of sale denied the existence of any and all liabilities, debts, or obligations and made RMMA and Rocco jointly and severally liable to indemnify PNC if any arose," and that "[w]ith these provisions in full force, ¶ 12's assumption of liabilities cannot be considered to be the purpose of the agreement or an essential term." *Id.* at 22. The trial court therefore severed the assumption of liabilities clause from the agreement of sale, and molded the verdict to hold Rocco solely liable. I would find that, in doing so, the court did not abuse its discretion. I would therefore affirm the order.